UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE HUDSON, JR.,

    Plaintiff,

    v.

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES,

    Defendant.

Civil Action No. 17-1447 (JEB)

**MEMORANDUM OPINION**

Eugene Hudson, Jr. is the National Secretary Treasurer for the American Federation of Government Employees. Hoping to grasp the brass ring, Hudson has declared his candidacy for the presidency of AFGE, which election will take place next summer. In this suit, he alleges that, at a February 2017 conference, AFGE officials improperly removed from attendees' materials a publication he wished to distribute, thereby violating the Labor-Management Reporting and Disclosure Act. Pointing out that Plaintiff himself has rejected the characterization of such publication as "campaign literature," which is all the LMRDA protects, AFGE now moves to dismiss. The Court agrees and will grant the Motion.

**I.    Background**

In setting forth the facts, the Court, as it must at this juncture of the case, treats the allegations in the Complaint as true. AFGE is a national labor organization with over 1000 affiliated local unions, and Hudson was elected as its National Secretary Treasurer (NST) for consecutive three-year terms in 2012 and 2015. See Compl., ¶¶ 2, 5. "In December 2016[,] he announced that he would be a candidate for the position of National President, [which post is]

1

. . . currently held by . . . J. David Cox." Id., ¶ 7. In the NST role, Plaintiff issued a quarterly publication entitled "NST ADVISOR." Id., ¶ 8. The Fall 2016 edition spans 16 pages and includes an opening "Welcome" by Plaintiff, information about his "travels to AFGE affiliates," a "description of [his] trip to South Africa," and other articles. Id. & Exh. 1. The Complaint plainly asserts that "[t]he Fall 2016 NST ADVISOR was not published as campaign literature." Id., ¶ 9.

In February 2017, "AFGE conducted a legislative conference" here in Washington, and attendees "received material related to the conference and material prepared by various AFGE officers and officials." Id., ¶ 10. Among those distributing such packets was Hudson, who included the Fall 2016 NST ADVISOR in his materials. Id., ¶ 11. This effort, however, was stymied when, "[o]n the eve of the conference, AFGE employees were instructed to remove the . . . ADVISOR from the package of material to be distributed." Id., ¶ 13. According to Plaintiff, this occurred because AFGE deemed such distribution "an improper use of AFGE funds to promote NST Hudson's candidacy." Id., ¶ 14.

The brief Complaint alleges that these facts support its one count, which is a violation of an LMRDA provision, 29 U.S.C. § 481(c), which prohibits certain forms of discrimination in favor of or against any candidate. Id., ¶ 16. As relief, Hudson asks that the Court "conclude that AFGE violated his rights as a candidate for AFGE office," pay his costs and fees incurred in this suit, and "[a]ward such other legal and equitable relief as it deems just and proper." Id. at 5. AFGE has now moved to dismiss.

**II.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." In evaluating Defendant's

Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1250 (D.C. Cir. 2005). The pleading rules are "not meant to impose a great burden upon a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and she must thus be given every favorable inference that may be drawn from the allegations of fact. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 584 (2007).

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, id. at 555, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). The Court need not accept as true, then, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)). For a plaintiff to survive a 12(b)(6) motion even if "recovery is very remote and unlikely," the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555-56 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

The standard to survive a motion to dismiss under Rule 12(b)(1) is less forgiving. Under this Rule, Plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear his claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000). A court also has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand

3

Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens, 402 F.3d at 1253; see also Venetian Casino Resort, L.L.C. v. E.E.O.C., 409 F.3d 359, 366 (D.C. Cir. 2005) ("given the present posture of this case – a dismissal under Rule 12(b)(1) on ripeness grounds – the court may consider materials outside the pleadings").

### III. Analysis

In seeking dismissal here, AFGE contends that the Complaint is deficient both jurisdictionally and on the merits. The Court takes each point in turn.

#### A. Standing

Article III of the United States Constitution limits the jurisdiction of the federal courts to resolving "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. A party's standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan, 504 U.S. at 560. To establish standing, a party must, at a constitutional minimum, meet the following criteria. First, the plaintiff "must have suffered an 'injury in fact' — an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.'" Id. (citations omitted). Second, "there must be a causal connection between the injury and the conduct complained of — the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent

4

action of some third party not before the court.'" Id. (alterations in original) (citation omitted). Third, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Id. at 561 (citation omitted). A "deficiency on any one of the three prongs suffices to defeat standing." U.S. Ecology, Inc., 231 F.3d at 24.

Defendant here raises a couple of problems with Hudson's standing, the most prominent of which relates to redressability. As particular relief, Plaintiff only requests that the Court "[c]onclude that AFGE violated his rights as a candidate for AFGE office." Compl. at 5. Yet, as the injury he suffered was the removal of the ADVISOR from officials' packets, such a declaratory judgment would not remedy that deprivation. "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 107 (1998). Seeking attorney fees, moreover, does not save his claim. Id. ("[A] plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit. The litigation must give the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself.").

Perhaps realizing this, Hudson states in his Opposition that the Court could "order AFGE to send the . . . ADVISOR to the members who attended the Conference." Opp. at 8. Although he may not seek to amend his Complaint by way of this pleading, see Kingman Park Civic Ass'n v. Gray, 27 F. Supp. 3d 142, 165 n.10 (D.D.C. 2014), he could clearly seek to amend, and this type of amendment would likely yield a prayer for relief sufficient to clear the redressability hurdle. It would thus exalt form over substance to dismiss and require amendment when that would still not cure his merits defects. The Court thus moves to those next.

5

B. <u>Merits</u>

Title 29 U.S.C. § 481(c) is entitled in relevant part "Requests for Distribution of Campaign Literature" and begins: "Every national . . . labor organization . . . shall be under a duty . . . to comply with all reasonable requests of any candidate to distribute by mail or otherwise at the candidate's expense <u>campaign literature</u> in aid of such person's candidacy to all members in good standing of such labor organization . . . ." (Emphasis added.) AFGE's principal contention here is that, by Hudson's own description, the NST ADVISOR is <u>not</u> campaign literature, so Plaintiff finds no protection under the statute. This arrow hits the mark.

The Complaint states in plain English: "The Fall 2016 NST ADVISOR was not published as campaign literature." Compl., ¶ 9. Hudson repeats the very same sentence in his Opposition when describing his factual allegations. <u>See</u> Opp. at 2. He then doubles down on this proposition in his argument, stating, "It is true that the Fall 2016 NST ADVISOR was not prepared and distributed as campaign material." <u>Id.</u> at 5. But such a characterization was not confined to the time of the issuance of the publication. As Plaintiff explains, "Hudson did not consider the Fall 2016 NST ADVISOR to be campaign material in February 2017 either." <u>Id.</u> Given such a position, Hudson finds no shelter under the § 481(c) umbrella.

Plaintiff nonetheless posits that because <u>AFGE</u> considered the publication as campaign literature, it cannot now argue that the document should not be so characterized. Id. at 6. While this may be a creative contention, it offers Hudson no succor because, regardless of Defendant's belief, the <u>statute</u> only protects campaign literature. As the Court must accept Plaintiff's characterization for purposes of this Motion, it is bound to treat the publication as falling outside the statute.

6

In any event, even if it were campaign literature, Hudson would still have failed to state a claim because the statute requires both a "reasonable request[]" by the candidate for distribution and the candidate's footing of the bill. As AFGE notes, Plaintiff has not alleged that he satisfied either prerequisite; indeed, he expressly concedes the opposite: "[Hudson] did not follow the AFGE protocol for the distribution of campaign literature when he sought to distribute it to Conference attendees." Id. at 5. As a result, he is out of luck under this hypothetical scenario, too.

**IV.  Conclusion**

The Court, accordingly, will grant Defendant's Motion to Dismiss without prejudice. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  September 27, 2017